# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

JOHN R. COATES, and wife, )
MELINDA H. COATES, )
 )
    Plaintiffs, )
 )
v. ) No. 3-328-20
 )
LOWE'S HOME CENTERS, LLC; )
LOWE'S COMPANIES, INC.; LOWE'S )
HOME IMPROVEMENT, LLC; )
LOWE'S OF KNOXVILLE, INC.; and )
NORTH KNOXVILLE LOWE'S, )
STORE #0637, )
 )
    Defendants. )

## COMPLAINT

The Plaintiffs, John R. Coates, and wife, Melinda H. Coates, for their Complaint against the Defendants, Lowe's Home Centers, LLC, Lowe's Companies, Inc., Lowe's Home Improvement, LLC, Lowe's of Knoxville, Inc., and North Knoxville Lowe's, Store #0637, would state as follows:

### Parties

1. The Plaintiffs, John R. Coates, and wife, Melinda H. Coates, are citizens and residents of Knox County, Tennessee, residing at 605 Forest Heights Road, Knoxville, Tennessee 37919. The Coates are a married couple.

2. The Defendant, Lowe's Home Centers, LLC, is believed to be a foreign limited liability company formed in North Carolina and is a duly registered company licensed to do business in Tennessee, with principal offices located at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117-8520. Defendant can be served with process through its registered agent,

1

Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

3.  The Defendant, Lowe's Companies, Inc., is believed to be a foreign corporation doing business in Tennessee, with principal and/or corporate offices located at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697-2231, and/or 1000 Lowe's Boulevard, Mooresville, North Carolina 28117-8520, and can be served with process.

4.  The Defendant, Lowe's Home Improvement, LLC, is believed to be a foreign limited liability company formed in North Carolina and doing business in Tennessee, with principal and/or corporate offices located at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117-8520, and can be served with process.

5.  The Defendant, Lowe's of Knoxville, Inc., is believed to be corporation formed in Tennessee, with principal offices located at 5001 Rutledge Pike, Knoxville, Tennessee 37914, and can be served with process at 5001 Rutledge Pike, Knoxville, Tennessee 37914, and/or 1000 Lowe's Boulevard, Mooresville, North Carolina 28117-8520.

6.  The Defendant, North Knoxville Lowe's, Store #0637, is believed to be a business entity doing business in Tennessee and licensed to do business in Tennessee, with its principal office located at 6600 Clinton Highway, Knoxville, Tennessee 37912. Defendant can be served with process at 6600 Clinton Highway, Knoxville, Tennessee 37912, and/or 1000 Lowe's Boulevard, Mooresville, North Carolina 28117-8520.

7.  Upon information and belief, the Defendants, Lowe's Home Centers, LLC, Lowe's Companies, Inc., Lowe's Home Improvement, LLC, Lowe's of Knoxville, Inc., and/or North Knoxville Lowe's, Store #0637, (hereinafter "the Defendants Lowe's") own and/or operate home improvement stores that provide retail shopping to customers at locations throughout the United States, including the location at issue in Knoxville, Tennessee.

## Jurisdiction

8. Jurisdiction and venue in this cause are proper pursuant to Tenn. Code Ann. § 16-10-101 and Tenn. Code Ann. § 20-4-101 in that the incident at issue occurred in Knox County, Tennessee.

## Facts

9. On October 15, 2019, at shortly before 12:00 p.m., the Plaintiff, John R. Coates (hereinafter "the Plaintiff Coates"), was a business invitee of the Defendants Lowe's at the North Knoxville Lowe's, Store #0637 (hereinafter "the Lowe's store"), located at 6600 Clinton Highway, Knoxville, Tennessee 37912.

10. On this same date and time, the Plaintiff Coates entered the Lowe's store as a customer for the purpose of selecting and purchasing home improvement items for a house project.

11. While shopping in a section of the store containing jack posts, the Plaintiff Coates was suddenly and without warning struck in the back of his head by a jack post, weighing approximately 100 pounds, which fell from an unsecured location.

12. Upon being struck in the head by the jack post, the Plaintiff Coates was knocked down to the floor and bleeding from the back of his head when an employee of the Lowe's store came to his aid.

## Negligence and Recklessness

13. The Defendants Lowe's, by and through its employees, agents, and/or servants, owed a duty to the Plaintiff Coates, as a business invitee, to exercise due care in the operation of the Lowe's store, to provide a reasonably safe condition and environment in storing heavy items for customers, such as the Plaintiff Coates, without exposing them to unreasonable danger.

14. The Defendants Lowe's, by and through its employees, agents, and/or servants, knew or

3

should have known that a jack post, which weighs approximately 100 pounds, must be properly secured at all times and according to safety procedures to prevent a jack post from falling on a customer, including the Plaintiff Coates.

15. The Defendants Lowe's, by and through its employees, agents, and/or servants, were negligent and breached their duties to the Plaintiff Coates by:

    (a) negligently causing or creating a dangerous condition that was reasonably foreseeable to cause injury;

    (b) negligently failing to maintain the Lowe's store in a reasonably safe condition;

    (c) negligently operating the Lowe's store in such a way that it was reasonably foreseeable that dangerous conditions, such as occurred in this case, would occur and could cause injury to a customer;

    (d) negligently failing to exercise due care in the operation of the Lowe's store;

    (e) negligently failing to properly hire, train and/or supervise its employees, agents, and/or servants, so that a jack post weighing approximately 100 pounds would not fall from an unsecured location on a customer such as occurred in this case; and/or

    (f) negligently failing to warn a customer of dangerous conditions.

16. The Defendants Lowe's, by and through its employees, agents, and/or servants, acted with conscious indifference to surrounding circumstances and conditions, and with knowledge that their conduct would naturally result in injuries to others, and were guilty of one or more of the following acts of willful and wanton misconduct, gross negligence, or reckless misconduct, by:

    (a) recklessly causing or creating a dangerous condition that was reasonably foreseeable to cause injury;

    (b) recklessly failing to maintain the Lowe's store in a reasonably safe condition;

4

(c) recklessly operating the Lowe's store in such a way that it was reasonably foreseeable that dangerous conditions, such as occurred in this case, would occur and could cause injury to a customer;

(d) recklessly failing to exercise due care in the operation of the Lowe's store;

(e) recklessly failing to properly hire, train and/or supervise its employees, agents, and/or servants, so that a jack post weighing approximately 100 pounds would not fall from an unsecured location on a customer such as occurred in this case; and

(f) recklessly failing to warn customers of dangerous conditions.

## **Damages**

17. The Plaintiff Coates sustained serious and permanent injuries as a direct and proximate result of the acts and/or omissions of the Defendants Lowe's and its employees, agents, and/or servants, in causing a jack post weighing approximately 100 pounds to fall onto the Plaintiff Coates when the jack posts were not properly secured at all times and according to safety procedures within the Lowe's store.

18. As a result of the severe injuries sustained by the Plaintiff Coates, he required emergency medical treatment and continuing medical treatment thereafter.

19. The Plaintiff Coates avers that he is entitled to recover the following as a result of the negligence and/or recklessness of the Defendants Lowe's, by and through its employees, agents, and/or servants, to wit:

A. <u>Physical Pain and Suffering.</u> The Plaintiff Coates is seeking reasonable compensation for the physical pain and suffering which he has endured as a proximate result of the injuries sustained in the incident caused by the Defendants and for the physical pain and suffering reasonably certain to be endured in the future from the same cause;

B. <u>Mental Suffering.</u> The Plaintiff Coates is seeking reasonable compensation for the mental suffering, which he has endured as a proximate result of the injuries sustained in the incident caused by the Defendants and for the mental suffering

reasonably certain to be endured in the future from the same cause;

C. <u>Permanent Injury.</u> The Plaintiff Coates is seeking reasonable compensation for the permanent injury which he has received as a proximate result of the injuries sustained in the incident caused by the Defendants;

D. <u>Disfigurement.</u> The Plaintiff Coates is seeking reasonable compensation for the disfigurement which he has received as a proximate result of the injuries sustained in the collision caused by the Defendants;

E. <u>Loss of Enjoyment of Life.</u> The Plaintiff Coates is entitled to recover for past loss of enjoyment of life which he has endured as a proximate result of the injuries sustained in the incident caused by the Defendants and for the loss of enjoyment of life reasonably certain to be suffered in the future from the same cause; and

F. <u>Medical Expenses.</u> The Plaintiff Coates is entitled to recover the value of medical care, services, and supplies actually provided in the course of his treatment as a proximate result of the injuries sustained in the incident caused by the Defendants and the present value of the similar services reasonably certain to be required in the future.

20. The Plaintiff, Melinda H. Coates, is the spouse of the Plaintiff John R. Coates and as a direct and proximate result of the acts and omissions of the Defendants Lowe's, by and through its employees, agents, and/or servants, she has lost and will continue to lose in the future loss of consortium, loss of society, affection, and assistance, all to the detriment of the marital relationship.

WHEREFORE, the Plaintiffs, John R. Coates, and wife, Melinda H. Coates, demand judgment against the Defendants, Lowe's Home Centers, LLC, Lowe's Companies, Inc., Lowe's Home Improvement, LLC, Lowe's of Knoxville, Inc., and North Knoxville Lowe's, Store #0637, to wit:

A. That process issue and be served upon the Defendants;

B. That the Plaintiff John R. Coates have and recover of the Defendants the sum of three hundred fifty thousand dollars ($350,000.00) as compensatory damages;

C. That the Plaintiff Melinda H. Coates have and recover of the Defendants the sum of fifty thousand dollars ($50,000.00) as compensatory damages;

D. Costs of the suit, and other relief as the Court deems proper and just;

E. For such other, further, and different relief as the Plaintiffs may be entitled including general relief; and

F. That a jury try the issues when joined.

Respectfully submitted,

*Jenny Coques Rogers*

Marcos M. Garza, BPR# 021483
Timothy L. Baldridge, BPR# 015777
Jenny Coques Rogers, BPR# 018871
Jeffrey H. Glaspie, BPR# 033311
*Attorneys for Plaintiffs*
**GARZA LAW FIRM, PLLC**
550 W. Main Street, Suite 340
Knoxville, TN 37902
(865) 540-8300

## COST BOND

I/We hereby acknowledge myself/ourselves as surety to for all costs in this cause, pursuant to Tenn. Code Ann. § 20-12-120.

*Jenny Coques Rogers*

7