## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

**JOHN R. COATES, and wife,**
**MELINDA H. COATES,**

      **Plaintiffs,**

**vs.**
                                             **Case No:  3:20-CV-496**

**LOWE'S HOME CENTERS, LLC;**               **Jury Demand**
**LOWE'S COMPANIES, INC.; LOWE'S**
**HOME IMPROVEMENT, LLC;**
**LOWE'S KNOXVILLE, INC.; and**
**NORTH KNOXVILLE LOWE'S**
**STORE #0637**

      **Defendants.**

---

## REPORT OF THE PARTIES' PLANNING MEETING

---

The parties, jointly, pursuant to the court's Discovery Conference Order dated November 24, 2020 (Doc. 9) and the Federal Rules of Civil Procedure, hereby confirm and represent that their respective counsel met for a Rule 26(f) discovery conference on December 11, 2020 via electronic platform.  The parties discussed: 1) the case; 2) the nature and basis of the claims and defenses; 3) the possibility of settlement; 4) arrangements for disclosures required by Federal Rule of Civil Procedure 26(a)(1); 5) the voluntary dismissal of certain defendants, and 6) developed a proposed discovery plan subject to the court's approval.

1.      Synopsis of the case: This cause of action involves allegations of premises liability.  The Plaintiffs' complaint alleges that Plaintiff John Coates was injured when he was struck in the head by a falling jack post while shopping at a Lowe's store. The Plaintiffs allege that Lowe's was negligent and reckless in its conduct in failing to prevent the jack post from falling on

a customer. Specifically, Plaintiffs claim that Lowe's was negligent and reckless in causing or creating a dangerous condition, failing to maintain the store in a reasonably safe condition, operating the store in a negligent and reckless manner, failing to exercise due care, failing to properly hire, train, and supervise its employees, agents and/or servants, and negligently and recklessly failing to warn customers of a dangerous condition. Lowe's answer to the complaint denies that it was negligent or reckless and that Lowe's did not breach any duty owed to Plaintiffs. In the alternative, the defendant's answer alleges the comparative fault of the plaintiff.

The following persons participated in the Rule 26(f) conference on December 11, 2020 via telephone to discuss the proposed discovery plan:

Timothy L. Baldridge, representing the Plaintiffs, John R. Coates and Melinda H. Coates, and Andrew N. Firkins, representing the Defendants Lowe's Home Centers, LLC; Lowe's Companies, Inc.; Lowe's Home Improvement, LLC; Lowe's Knoxville, Inc.; and North Knoxville Lowe's Store #0637.

3.      Initial Disclosures. The parties will complete the initial disclosures required by Rule 26(a)(1) by December 28, 2020.

4.      Discovery Plan. The parties propose this discovery plan:

(a) Discovery will be needed on these subjects: allegations contained in the complaint, Plaintiffs' alleged damages, defenses to the Plaintiffs' claims; and expert witnesses.
(b) The parties agree to exchange discovery within the timeframe prescribed under the Federal Rules of Civil Procedure.
(c) The parties anticipate that the maximum number of Interrogatories by each party to another party will be thirty (30) and that responses are due within thirty (30) days of service.
(d) The parties anticipate that the maximum number of requests for admission will be twenty-five (25) and that responses are due within thirty (30) days of service.
(e) The parties anticipate that the maximum number of depositions by each party will not exceed six (6).
(f) The parties anticipate that the limits on the length of depositions will be five (5) hours per deponent.
(g) Expert Testimony: Disclosure of any expert testimony in accordance with Fed. R.

2

Civ. P. 26(a)(2) shall be made on or before one hundred and fifty (150) days before trial for plaintiffs and one hundred and twenty (120) days before trial for defendants. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Fed. R. Civ. P. 26(a)(2)(B), such disclosure shall be made within thirty (30) days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1). In the event that either party wishes to challenge the relevance or the reliability of expert testimony, a motion for a Daubert hearing must be filed not later than ninety (90) days before trial or they will be deemed waived.

(h) The parties agree to supplement all discovery no later than ninety (90) days before trial under Rule 26(e).

(i) <u>E-Discovery</u>. The parties do not anticipate disclosure or discovery of substantial electronically stored information. The parties agree that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business. The parties agree that the format and media for production of such data shall be by USB, CD or DVD and shall be produced by hand delivery or regular United States mail or through the use of email. Should the data contain proprietary information the parties agree that Federal Rule of Civil Procedure 26(c)(1) should govern production.

(j) <u>Privileged or Protected Materials</u>. The parties agree that claims of privilege or of protection as trial preparation material, including procedures to assert these claims after production should be governed by Federal Rule of Civil Procedure 26(b)(5). The parties will attempt to resolve any such issues before seeking the assistance of the court.

(k) <u>Protective Orders</u>. The parties agree that disclosure or discovery of proprietary information or personal, medical, or employment information that is otherwise considered confidential should be governed by Federal Rule of Civil Procedure 26(c)(1). The parties will attempt to resolve any such issues by joint motion and submission of a protective order.

(l) <u>Service by email</u>. The parties agree that service of written discovery and other documents that are not filed with the court may be accomplished by email and shall be effective on the date of the email.

5. Other Items:

(a) The parties will comply with any Court mandated conferences, and agree to meet prior to a scheduling order should such meeting be requested by the Court.

(b) <u>Final Pretrial Conference</u>: A final pretrial conference date is requested.

(c) <u>Amendment of Pleadings/Joinder of Parties</u>: At least one hundred and fifty (150) days before trial any motion for leave to amend its pleadings and join parties must be filed by Plaintiffs.

(d) At least one hundred and fifty (150) days before trial any motion for leave to amend its pleadings and join parties must be filed by Defendants.

(e) <u>Dispositive Motions</u>: All dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible, but no later than one hundred fifty (150) days before trial.

3

(f) <u>Settlement.</u> The parties have discussed settlement and the possibility of settlement of this action at this time is not known.

(g) The parties at this time are of the opinion that it is premature to determine whether an early mediation is appropriate in this case. The parties, however, remain open to consideration of mediation and have discussed it and will continue to confer with one another about mediation and alternative dispute resolutions.

(h) <u>Witness Lists:</u> Forty-five (45) days before trial, the parties shall file a final witness list covering the information specified in Rule 26(a)(3), including the designation of those witnesses whose testimony a party expects to present by deposition. Within five (5) days after service of a final witness list, such list may be supplemented.

(i) In the event that a party files an objection within the time specified by Rule 26(a) to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) of Rule 26(a)(3), or any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C) of Rule 26(a)(3), and desires the Court to consider such objection or objections to be in the nature of a motion *in limine*, such objections shall be accompanied by a brief in support of such objection/motion *in limine*. Should a hearing be directed by the Court regarding such motions *in limine*, the parties shall be notified of the date and time thereof.

(j) <u>Trial.</u> The parties certify in good faith that this matter will be ready for trial in eighteen (18) months from the filing of this report dependent upon COVID-19 restrictions. The parties estimate the trial of this cause to take two (2) days.

(k) The parties do not consent to the exercise of jurisdiction by a magistrate judge.


Respectfully submitted:


Date: __12/18/2020__          _____/s/ Andrew N. Firkins_____
                              CLINT J. WOODFIN, BPR # 016346
                              ANDREW N. FIRKINS, BPR # 033982
                              *Attorneys for Defendants*
                              Spicer Rudstrom, PLLC
                              800 S. Gay Street, Suite 1400
                              Knoxville, Tennessee 37929
                              (865) 673-8516

4

Date: __12/18/2020__                    ___ /s/ Timothy L. Baldridge (w/ permission by
                                        Andrew N. Firkins)_____
                                        MARCOS M. GARZA, BPR # 021488
                                        TIMOTHY L. BALDRIDGE, BPR # 015777
                                        JENNY COQUES ROGERS, BPR # 018871
                                        JEFFREY H. GLASPIE, BPR # 033311
                                        *Attorneys for Plaintiffs*
                                        Garza Law Firm, PLLC
                                        550 W. Main Street, Suite 340
                                        Knoxville, TN 37902
                                        (865) 540-8300