# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

JOHN R. COATES, and wife,
MELINDA H. COATES,

    Plaintiffs,

vs.                                                  Case No: 3:20-CV-496

LOWE'S HOME CENTERS, LLC;                    Jury Demand
LOWE'S COMPANIES, INC.; LOWE'S
HOME IMPROVEMENT, LLC;
LOWE'S KNOXVILLE, INC.; and
NORTH KNOXVILLE LOWE'S
STORE #0637

    Defendants.

## AGREED ORDER OF PROTECTION

       It appearing to the Court that the Plaintiffs and Defendants are in agreement that Lowe's Home Centers, LLC, (hereinafter "Lowe's") in its own capacity and on behalf of incorrectly sued Defendants, Lowe's Companies, Inc.; Lowe's Home Improvement, LLC; Lowe's Knoxville, Inc.; and North Knoxville Lowe's Store #0637, possesses proprietary policies and procedures, incident reports, as well as product purchase sales records, inventory records, personnel files of present and former employees, that include confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally. This Court hereby orders that:

       1.     All documents produced or information disclosed and any other documents or records designated as "confidential" by Lowe's shall be revealed only to Plaintiffs' counsel of record in this case, paralegals and secretarial employees under counsel's direct supervision, and such

1

persons as are employed by counsel to act as experts in these actions. The information considered as "confidential" and disclosed only in accord with the terms of this paragraph shall include, without limitation, all of the Defendants' policies and procedures, incident reports, product purchase and sales records, inventory records, as well as personnel records, including disciplinary records, identity, or any other information or documentation supplied by Lowe's as identified in its Initial Disclosures, and/or in response to Plaintiffs' Interrogatories or Requests for Production.

      2.      Counsel for Plaintiffs shall use all documents and information produced or disclosed by Lowe's solely for the purposes of preparation for and trial of this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than Plaintiffs' counsel of record in this action, paralegals, secretarial employees under counsel's direct supervision, and such persons employed to act as experts in this civil action. At the conclusion of the proceedings in these actions, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for the defendant or certified in writing to Lowe's counsel as having been destroyed beyond recognition.

      3.      Prior to disclosure of any documents designated as "confidential" to paralegals or secretarial employees of counsel, counsel for Plaintiffs shall require such employees to read this Protective Order and agree to be bound by its terms.

      4.      If counsel for Plaintiffs determines that for purposes of this action, documents or information produced by Lowe's and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

      (a)      Counsel for the Plaintiffs shall have the expert read this Order and shall explain the contents thereof to such expert.

(b) Counsel for the Plaintiffs shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order. I further agree to be bound by its terms." Nothing in this paragraph shall be deemed to enlarge the right of Lowe's to conduct discovery of any of Plaintiffs' experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

5. Prior to the filing of any pleading or other document disclosing information subject to this Order, which may be submitted to the Court, whether in the form of interrogatory answers, document production, deposition notices or transcripts, motions, affidavits, briefs or other documents, the parties shall meet and confer in order to determine the manner in which said documentation will be disclosed to Court and if necessary will file the appropriate motion seeking sealing of said documentation.

6. This Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

**ENTERED** this \_\_\_\_ day of _____, 2021.

_____
JUDGE

RESPECTFULLY SUBMITTED
AND APPROVED FOR ENTRY BY:


/s/ Andrew N. Firkins
CLINT J. WOODFIN, BPR # 016346
ANDREW N. FIRKINS, BPR # 033982
*Attorneys for Defendant*
Spicer Rudstrom, PLLC
800 South Gay Street
Knoxville, TN 37929
(865) 673-8516 – Office
(865) 673-8972 – Fax


/s/ Timothy L. Baldridge
MARCOSE M. GARZA, BPR # 021488
TIMOTHY L. BALDRIDGE, BPR # 015777
JENNY COQUES ROGERS, BPR # 018871
JEFFREY H. GLASPIE, BPR # 033311
*Attorneys for Plaintiffs*
Garza Law Firm, PLLC
550 W. Main Street, Suite 340
Knoxville, TN 37902
(865) 540-8300